```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEVERLY WILLIAMS,                              )
                                               )       COMPLAINT
                     Plaintiff,                )
                                               )       JURY TRIAL DEMANDED
       -against-                               )
                                               )
CITY OF NEW YORK; DETECTIVE RAYMOND            )
HILL; JOHN DOES; RICHARD ROES,                 )
                                               )
                     Defendants.               )
------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1. This is a civil action in which the plaintiff seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New within 90 days of the incidents complained of herein, which was delivered by certified mail, return receipt requested, to the Comptroller's Office on July 2, 2018.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff BEVERLY WILLIAMS at all times relevant herein was a resident of the State of New York, County of the Bronx.  Plaintiff is African-American.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department (the NYPD) and to participate in the funding of, and the policymaking with regard to, the Queens District Attorney's Office, which agencies act as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD and the funding and policymaking concerning the Queens District Attorney's Office, and the employment of police employees and Queens District Attorney's Office employees, as said risk attaches to the public consumers of the services provided by the New York City Police Department and the Queens District Attorney's Office.

8. Defendants DETECTIVE RAYMOND HILL and JOHN DOES are and were at all

times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK and/or the Queens District Attorney's Office. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or the Queens District Attorney's Office, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants Defendants DETECTIVE RAYMOND HILL and JOHN DOES are sued individually.

9. Defendants DETECTIVE RAYMOND HILL and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department and/or the Queens District Attorney's Office, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department and/or the Queens District Attorney's Office under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK and/or Queens District Attorney's Office, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or the Queens District Attorney's Office, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants DETECTIVE RAYMOND HILL and RICHARD ROES are sued individually.

**STATEMENT OF FACTS**

10. On April 18, 2018 at approximately 5:30 a.m. Plaintiff, a 59 year old woman, was in her bedroom in her apartment at 6740 Parsons Boulevard, Apartment 2B, in Flushing, NY with her family.

11. Plaintiff was wearing only a bra and panties in her bedroom.

12. Plaintiff heard a loud noise and came out of her bedroom.

13. Plaintiff was immediately, needlessly, and violently thrown to the ground by JOHN DOES members of the NYPD, who had just broken the entrance door to the apartment and forcibly entered Plaintiff's home.

14. JOHN DOES put their knees in Plaintiff's back, and handcuffed Plaintiff.

15. Plaintiff was left on the floor, handcuffed and face down, for some minutes.

16. Plaintiff was asking what was going on, but the JOHN DOES did not give a response.

17. After a while, Plaintiff was pulled up and put against the wall, and then brought to the living room.

18. Some of the JOHN DOES had rifles out, that they were pointing around.

19. Plaintiff was yelling that her autistic son, who was in the apartment, was non-verbal, as Plaintiff was terrified there would be some misunderstanding that would result in her son being shot by the JOHN DOES.

20. The JOHN DOES ransacked Plaintiff's apartment, needlessly throwing items all over the place, and breaking a number of items.

21. The JOHN DOES searched throughout Plaintiff's apartment.

22. The JOHN DOES stated that they were to looking for drugs.

23. Plaintiff was kept handcuffed, wearing just her bra and panties, until approximately 7 a.m.

24. At approximately 7 a.m. a JOHN DOE asked Plaintiff to sign a document that he said was a warrant, and Plaintiff refused.

25. Plaintiff thinks that all of the JOHN DOES in her home were male, but she is not sure.

26. On information and belief, at least some of the JOHN DOES, including Defendant HILL, were affiliated with the NYPD PSA 9 Housing Precinct.

27. At approximately 7 a.m. the JOHN DOES left Plaintiff's apartment.

28. At a later date Plaintiff saw at the office of her housing development a copy of a warrant for the search of her home.

29. On information and belief, a JOHN DOE member of the NYPD provided an affidavit in support of the application for the search warrant, that supplied false information in support of the issuance of the warrant, as no one who lives in Plaintiff's home is involved in the drug trade.

30. On information and belief, a JOHN DOE Assistant District Attorney from the Queens District Attorney's office oversaw the search, and made the unlawful application for the search warrant.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

31. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

32. By their conduct and actions in falsely arresting and imprisoning plaintiff, keeping plaintiff exposed in her bra and panties for an extended period of time, assaulting and battering plaintiff, trespassing upon plaintiff and her home, unlawfully obtaining a warrant for the search of plaintiff's home and executing it improperly, converting plaintiff's property, subjecting plaintiff to unreasonable conditions of confinement, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, invading plaintiff's privacy and dignity, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment they received at the hands of other defendants, Defendants DETECTIVE RAYMOND HILL, JOHN DOES, and / or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

33. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

34. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

35. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

DETECTIVE RAYMOND HILL and / or RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

36. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

37. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

38. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the Queens District Attorney's Office, and through the individual defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the Queens District Attorney's Office, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

40. At all times material to this complaint, the defendant THE CITY OF NEW YORK,

7

acting through its police department and through the Queens District Attorney's Office, and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

41.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through Queens District Attorney's Office, and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing raids and arrests, particularly upon people of Hispanic or African-American ethnicity, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of search warrants and the use of information garnered through confidential informants, and of failing to properly train, supervise or discipline police supervisors and subordinate officers, and Assistant District Attorneys, to prevent them from failing to assure that proper procedures were implemented.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

42.  Defendant the CITY OF NEW YORK failed to provide any formal training to its police officers, either during the Police Academy or after, on the constitutional prohibitions on causing unnecessary and excessive damage during the execution of search warrants.

43.  Defendant the CITY OF NEW YORK maintained no written guidelines on the constitutional prohibitions on causing unnecessary and excessive damage during the execution of search warrants.

44.  Defendant the CITY OF NEW YORK knew to a moral certainty that its police

officers would be required to obtain and execute search warrants, and the City empowered them to do so, and therefore the need to train officers in the constitutional limitations on how to obtain them and on causing unnecessary or excessive damage during the execution of a search warrant was obvious.

45. The failure of defendant the CITY OF NEW YORK to train its police officers or provide guidelines to its officers in the constitutional prohibitions on obtaining, and on causing unnecessary and excessive damage during the execution of, search warrants amounts to deliberate indifference to the rights of persons with whom the police come into contact.

46. Defendant the CITY OF NEW YORK implemented, enforced, encouraged, sanctioned and/or ratified policies, practices, and/or customs of failing to train its police officers and failing to implement guidelines on the constitutional prohibitions on obtaining, and on causing unnecessary and excessive damage during, the execution of search warrants.

47. By implementing, enforcing, encouraging, sanctioning and/or ratifying these policies, practices, and/or customs, defendant the CITY OF NEW YORK caused the Plaintiff to lose his privacy, dignity, and liberty, and to be subjected to excessive and/or unnecessary destruction of property during the search of his home, and deprived of property without due process of law, in violation of his rights guaranteed to every citizen of the United States by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

48. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE
### CITY OF NEW YORK
### FOR STATE LAW VIOLATIONS

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. The conduct of the individual defendants alleged herein, occurred while they were on duty and / or in uniform, and / or in and during the course and scope of their duties and functions as police and District Attorney's office personnel, and / or while they were acting as agents and employees of the defendant the CITY OF NEW YORK, and, as a result, the defendant CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

51. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

52. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. Defendant the CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. The defendants willfully, wrongfully and unlawfully trespassed upon the home and person of plaintiff.

69. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### CONSTITUTIONAL TORT

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11, and 12 of the New York State Constitution.

72. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

73. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## **TWELFTH CLAIM**

### **CONVERSION**

74. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

75. Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in her property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:	New York, New York
	July 16, 2019

          /S/_____
JEFFREY A. ROTHMAN, Esq.
Law Office of Jeffrey A. Rothman
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff